UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
―――――――――――――――――――――X

ROY HARPER, a/k/a Roy Persaud,

                Petitioner,

    -against-

D.B. DREW,

                Respondent.
―――――――――――――――――――――X

**MEMORANDUM AND ORDER**
05-CV-3466 (DGT)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.
★ OCT 28 2005 ★
BROOKLYN OFFICE

TRAGER, J.:

By order dated September 13, 2005, petitioner was directed to either notify the Court if he wished to withdraw the instant petition for a writ of habeas corpus, or, if he wished to treat his petition as brought under 28 U.S.C. § 2254, show cause by affirmation, within 60 days, why his petition for a writ of habeas corpus should not be dismissed as time-barred. Petitioner submitted an affirmation on September 28, 2005, indicating that we wishes to pursue his petition under § 2254. Petitioner's affirmation fails to demonstrate that the instant petition is timely. Therefore, the instant petition for a writ of habeas corpus is dismissed as time-barred.

The Court's prior order noted that the instant petition was untimely under 28 U.S.C. § 2244(d)(1)(A), as it was filed on February 11, 2005, almost eight years after the one-year statute of limitations period had expired. Harper v. Drew, No. 05-CV-3466 (DGT), slip op. at 2 (E.D.N.Y. Sept. 13, 2005). The Court further noted that despite petitioner's filing of a C.P.L. § 440.10 motion on March 12, 2003, this application did not qualify for statutory tolling under § 2244(d)(2), as it was filed well after expiration of the one-year limitations period. Id. at 4. Petitioner was thus directed to set forth any basis for equitable tolling by demonstrating that (i) "extraordinary circumstances prevented him from filing his petition on time," Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000) (per curiam) (citing Johnson v. Nyack Hosp., 86 F.3d 8, 12 (2d Cir. 1996)), cert denied, 531 U.S.

1

840 (2000), and (ii) he "acted with reasonable diligence throughout the period he seeks to toll," id. (citing Johnson v. Nyack Hosp., 86 F.3d at 12). Harper, slip op. at 3.

Petitioner does not set forth any basis for equitable tolling of the statute of limitations. Petitioner alleges that in 1997, he was sentenced in federal court where the state court conviction he now challenges was used to enhance his sentence. Aff. at 1. Petitioner alleges that he then "diligently" sought his state court records beginning in 2001 in order to collaterally attack his state court conviction. Id. As described above, petitioner filed a C.P.L. § 440.10 motion on March 12, 2003. Petitioner's motion was denied by the Supreme Court, Kings County, on August 4, 2003, and the Appellate Division denied petitioner leave to appeal on December 29, 2004. See Pet., Exs. C(1) and D. Petitioner argues that the one-year limitations period began to run when "he received notice of denial of that motion to dismiss." Aff. at 3. As authority for this claim, petitioner cites to Johnson v. United States, 125 S. Ct. 1571 (2005).

Petitioner's reliance on Johnson v. United States is unavailing. The Supreme Court in Johnson v. United States considered the timeliness of a petition pursuant to 28 U.S.C. § 2255. The Court held that when a prisoner collaterally attacks his federal sentence on the ground that a state conviction used to enhance that sentence has been vacated, the one-year limitations period begins to run when the petitioner receives notice of the order vacating the prior conviction, provided that he has sought it with due diligence in state court after entry of judgment in the federal case in which the sentence was enhanced. See Johnson v. United States, 125 S. Ct. at 1577-82. In the instant case, petitioner does not challenge his federal sentence, but the state conviction used to enhance that federal sentence; Johnson v. United States, therefore, is clearly inapposite. Indeed, petitioner offers no explanation as to why he waited until four years after his federal conviction in 1997 to begin the process of challenging his state court conviction, only filing his C.P.L. § 440.10 motion in 2003. Petitioner does not set forth any other ground for equitably tolling the statute of limitations period, and, accordingly, his petition must be dismissed as time-barred.

2

Conclusion

Accordingly, petitioner fails to demonstrate extraordinary circumstances and reasonable diligence which would warrant equitable tolling of the statute of limitations period. See Johnson v. Nyack Hosp., 86 F.3d at 12 (equitable tolling is appropriate when claimant "has been prevented in some extraordinary way from exercising his rights"). Moreover, petitioner fails to establish that he "acted with reasonable diligence throughout the period he seeks to toll." Smith, 208 F.3d at 17 (2d Cir. 2000). The instant petition is therefore dismissed as time-barred. A certificate of appealability shall not issue because petitioner has not made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253 (c)(2); Lozada v. United States, 107 F.3d 1011 (2d Cir. 1997), abrogated on other grounds by United States v. Perez, 129 F.3d 255, 259-60 (2d Cir. 1997). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

s/David G. Trager
David G. Trager
United States District Judge

Dated: October 17, 2005
Brooklyn, New York